NAKAGAKI CO. *v.* UNITED STATES

No. 4706.—Invoice dated Fukuoka, Japan, May 28, 1934.
Certified May 29, 1934.
Entered at Los Angeles, Calif., June 18, 1934.
Entry No. 7953.

(Decided January 22, 1940)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney) for the defendant.

CLINE, Judge: This appeal for reappraisement involves the value of shoes, having canvas tops and rubber soles, imported from Fukuoka, Japan on May 28, 1934. At the trial the case was submitted on a written stipulation containing the following statements:

It is hereby stipulated and agreed by and between counsel for the respective parties hereto, subject to the approval of the court:

1) That as to the merchandise involved herein, marked "A" on the invoice and initialed by Examiner C. R. Gulich, the market value or price at the time of exportation, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in the price, the cost of containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the invoiced unit prices, packed.

2) That at the time of exportation there was no higher foreign value for this merchandise and that the appraisement made under authority of the Presidential proclamation published in T. D. 46158 was not applicable to said merchandise, based upon the decisions in RR 4444 and 4570.

3) That the appeal as to all other merchandise not marked with the letter "A" as stated above and contained on the invoice is abandoned; that reappraisement appeal 119650-A/3859, relating to the same entry is abandoned and that this case may be submitted on the foregoing stipulation.

The invoice contains notations which indicate that the merchandise covered by the stipulation was appraised under the American selling price provision in accordance with the proclamation of the President of the United States as published in T. D. 46158. Shoes in the case of *Mitsubishi Shoji Kaisha, Ltd.* v. *United States*, Reap. Dec. 4444 and 4570, cited in the stipulation, were appraised on the same basis. In the case cited it was held that the imported shoes were not similar to the shoes manufactured in the United States which were used as a basis of valuation for appraisement and that the appraisement was erroneous.

In the case herein involved, it is stipulated "that the appraisement made under authority of the Presidential proclamation published in T. D. 46158 was not applicable, based upon the decisions in RR 4444 and 4570." This is tantamount to an agreement that the shoes represented by the items marked "A" on the invoice and initialed by the examiner are not similar to the shoes manufactured in the United States which formed the basis for appraisement under the American selling price provision. Therefore, the articles should be appraised at the foreign or the export value, which ever is higher, in accordance with the provisions of section 402 (a) (1) of the Tariff Act of 1930. It is shown by the terms of the stipulation that the unit invoice prices, packed, are the export values of the shoes and that the foreign value is no higher.

Under the facts stipulated, the merchandise represented by the invoice items marked "A" and initialed by the examiner is appraised under section 402 (d) of the Tariff Act of 1930 at the export values thereof, which are the unit invoice prices, packed.

As the appeal was abandoned as to all the other merchandise, the appeal, insofar as it related to the items not marked "A" as above indicated, is dismissed.